ROBERT DODGE, Executor, &c., *v.* CALVIN L. CRANDALL
and others.

Where the holder of a mortgage which was past due, being about to
enforce it by action, H. agreed by parol with the plaintiff's testator, who
had assumed the payment thereof, for a valuable consideration, to pur-
chase said mortgage and refrain from collecting the principal for five years.
*Held,* that this agreement, being executed by the taking of an assignment
of the mortgage, and the payment of the consideration therefor, operated
as effectually to extend the time of payment, as if it had been under seal.
*Held, also,* that this was an executory and not an executed contract, and
was, therefore, not affected by the statute of frauds.
*Held, further,* that a judgment dismissing the complaint, in an action to
foreclose the mortgage, brought before the expiration of the five years,
was sustainable upon the equitable ground that the defendant, having a
cause of action, could be allowed to set it up to avoid circuity of action.
A judgment, in an action brought by an executor, as such, dismissing the
complaint with costs, and adjudging that the defendants recover of the
plaintiff a specified sum, for their costs and disbursements, without any
direction that the plaintiff shall pay the costs personally, can only be col-
lected from the assets in his hands. It is in law a judgment against him
for costs as executor, and is properly rendered as though he was prose-
cuting in his own right.

*Appeal from a judgment of the Supreme Court.*

THIS action was to foreclose a mortgage executed by
Crandall and wife to David Barclay, on 9th February, 1853,
to secure the payment of the sum of $800, in three instal-
ments of $266.66 each; the first instalment to be paid on
1st March, 1855; the second on the 1st March, 1856; and
the third on 1st March, 1858; interest to be paid annually
on 1st March in each year, on the whole principal remain-
ing due and unpaid. On the 29th April, 1854, Barclay
assigned the mortgage to Jerusha Holcomb and Jerusha
Barclay, who, on the 6th June, 1854, assigned it to Lyman
D. Nield. On the 28th March, 1855, Nield assigned it to
S. V. R. Mallory. Mallory died on 19th September, 1856,
and on the 29th of that month letters of administration
were granted on his estate to Thomas M. Howell. On 28th

February, 1859, Howell, as such administrator, in consideration of the sum of $576.56, to him paid by John W. Holberton, the plaintiff's testator, assigned the mortgage and the bond accompanying the same to Holberton. Holberton died in February, 1862; and in June, 1862, these foreclosure proceedings were commenced by his executor.

Prior to the 23d February, 1856, the defendant, Frederick C. Holcomb, had purchased of Crandall, the mortgagor, and became the owner of the mortgaged premises, and had agreed with Crandall to assume and pay the bond and mortgage to the owner and holder thereof, and was under obligations to pay the same at the time of the assignment to Holberton. Shortly previous to the 28th February, 1859 (the date of the assignment of the bond and mortgage by Howell as administrator of Mallory to Holberton, the plaintiff's testator), it was agreed between Holberton and the defendant Holcomb, that Holberton should buy of Howell, administrator as aforesaid, the said bond and mortgage, and take an assignment thereof, and hold the same for the term of five years, from the 28th Feb., 1859, and give Holcomb the said term of five years within which to pay said bond and mortgage, and should not collect the same until that period of time should elapse; and that Holcomb should pay Holberton for so buying and holding said bond and mortgage, and giving day of payment thereof as aforesaid, the sum of fifty dollars. That in pursuance of such agreement, Holberton took an assignment of such bond and mortgage as before stated, and agreed to give the said Holcomb five years from 28th February, 1859, to pay the same. And Holcomb thereupon, in consideration thereof, paid the said John W. Holberton the said sum of fifty dollars. The time for which the payment of the bond and mortgage was so extended by said agreement had not, when the suit was commenced, or at the time of the trial, elapsed, and would not expire until the 28th February, 1864.

Holcomb, amongst others, was made a party defendant in

the foreclosure suit, and answered setting up the agreement between himself and the plaintiff's testator to purchase the bond and mortgage of the administrator of Mallory, and give and extend the time of payment thereof to him for the period of five years from the 28th February, 1859.

The cause was tried by a referee. The plaintiff's counsel admitted that there had been no default in the payment of interest upon the bond and mortgage, and that he did not claim a right to foreclose the mortgage by reason of any default of payment of principal; he claimed the right to foreclose it, and maintain the action for that reason, unless it was established that there had been a good and legal agreement, extending the time of the payment of the principal. It was also conceded and admitted by the plaintiff's counsel, that Frederick C. Holcomb, the defendant, was the owner in fee of the mortgaged premises, having purchased the same, subject to the mortgage in question, and having become bound to pay the bond and mortgage as part of the purchase money for the same, prior to the purchase of said bond and mortgage by John W. Holberton, deceased, and that he, Holcomb, was in a proper condition to avail himself of any defense in this action, including the defense set up in the answer, provided that such an agreement was made.

The defendant's counsel then offered to prove the defense set up in the answer. The counsel for the plaintiff objected to Holcomb proving a parol agreement between himself and the plaintiff's testator, to extend the time for the payment of the principal due upon the bond and mortgage for five years on the payment of fifty dollars, as set up in the answer of the defendant, on the ground that such agreement not being in writing, was void and contrary to the statute of frauds. The referee overruled the objection, and the plaintiff's counsel excepted.

The referee heard the evidence, and found the facts as above set forth; and found as a conclusion of law that

said agreement extending the time of payment of the bond and mortgage for five years from the 28th February, 1859, although by parol, was valid and effectual. That, therefore, there was nothing due the plaintiff on such bond and mortgage, and he could not sustain the action, and that his complaint must be dismissed. He ordered judgment accordingly. The plaintiff's counsel excepted to the referee's conclusions of fact and of law in respect to the agreement to. purchase, enlarging the time of payment of the bond and mortgage.

Judgment was entered on the report of the referee dismissing the complaint " with costs," and adjudging that the defendants " recover of Robert Dodge, the plaintiff, the sum of $96.21, their costs and disbursements." The plaintiff appealed to the general term, when the same was affirmed. The plaintiff then appealed to this court.

C. *Tracy*, for the appellant.

I. The judgments entered are irregular and unauthorized. This action is solely by an executor. The judgment is made personal for costs without an order of court therefor. The referee has no power to award costs. (*Woodruff, Adm'r*, v. *Cook*, 14 How. 481; Code, § 317; *Mersereau* v. *Ryers's Adm'r*, 12 How. 301.)

II. The verbal agreement alleged as a defense whereby the payment was extended for five years, of a specialty made between strangers prior to any interest acquired therein by the party sought to be charged, is void by the statute of frauds. (2 R. S. 135, § 2, sub. 1.) It was an executory and not an executed agreement. (Story on Contracts, § 18–20; Bouvier's Dict. " Agreement," and "Executed.") The admission of matter as a defense to avoid circuity of action is allowed only where such matter is a good cause of action. (4 Wend. 360; 3 Cow. 151.) " It is an agreement that by its terms is not to be performed within one year from the making thereof." (*Vide* cases cited, 2 Abb.

Dig., pages 84 and 85.) It is not an agreement to make a valid new mortgage or written or sealed extension or valid release, or one which equity would decree performed, but it is set up and found as simply a completed verbal understanding to wait five years for the debt then past due by its terms, on which the debtor has no remedy. (*Stoddard* v. *Hart*, 23 N. Y. R. 556; *Marshall* v. *Lynn*, 6 Meeson & Welsby, 109.) It is expressly not to be completed till five years had elapsed, and it cannot be upheld by cases where performance might be within a year, or of part performance within the year, nor for "rescission" or as "executed." (*Delacroix* v. *Bulkley*, 13 Wend. 71; *Lockwood* v. *Barnes*, and notes, 3 Hill, 128; 6 Seld. 232.) The verbal contract alleged, and so found by referee, is entire, viz.: to purchase the bond and mortgage and not to enforce its payment in five years. Although in part executed, it is void by the statute, for the extension, and therefore wholly void. (*Van Alstyne* v. *Wimple*, 5 Cowen, 162; 8 Johns. 253; *Baldwin* v. *Palmer*, 6 Seld. 232.) On such a "void" and "null" contract no action lies, and no defense exists. (*Kellogg* v. *Olmsted*, 25 N. Y. Rep. 189; 23 N. Y. Rep. 556; *Hunt* v. *Bloomer*, 5 Duer, 202, Aff'd, 3 Kern. R. 341; *Baldwin* v. *Palmer*, 6 Seld. [10 N. Y.] 232; *Halsted* v. *Spencer*, How. Ap. Cas. 319; *Broadwell* v. *Getman*, 2 Den. 87; *Pitkin* v. *Long Island Railroad Company*, 2 Barb. Ch. 221; *Amburger* v. *Merwin*, 4 E. D. Smith, 393; *Burk* v. *Earl of Liverpool*, 9 Barn. & Cres. 392; *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722; *Peters* v. *Crompton*, 1 Smith's S. C. 145, note; *Lyon* v. *King*, 11 Met. 411; *Peters* v. *Inhabitants of Westboro*, 19 Pick. 354; *Foster* v. *McO'Blennes*, 18 Missouri, 88; *Pierce* v. *Estate of Paine*, 31 Vt. 34.) Such a defense should have been excluded. (5 Bosworth, 238, and cases cited; 31 Barb. 267; *St. Nicholas Insurance Co.* v. *Mer. Marine Insurance Co.*, 6 Duer, 208-19; *Townsend* v. *Emp. Stone Co.*) Such alleged agreement extending a specialty, whether with or without consideration, is expressly adjudged void. (*Allen* v. *Jaquish*, 21 Wend.

628; *Eddy* v. *Graves*, 23 ib. 84; 4 Hill, 484; 31 Barb. 548; *Bander* v. *Snyder*, 5 Barb. R. 70); and immaterial; (*Hasbrouck* v. *Tappen*, 15 John. 200, 3 and 4.) The debtor may at any time thereafter have tendered the debt. In the principal opinion below the judgment is upheld solely " to avoid circuity of action," although the agreement is conceded to be "void," upon which no action or defense could be maintained. (*Lathrop* v. *Hoyt*, 7 Barb. 60; 2 Story Eq. Jur. 611, § 1201; 5 id. 70; 25 id. 440.) On a valid agreement any damage to the debtor from tender of his lawful debt or performance at any time, would be " fanciful." (25 N. Y. R. 189.) The cases cited as " analogous," viz., 1 Wend. 360, 3 Cow. 151, are upon sealed contracts modifying personal obligations. No cases of enlargement by parol of personal contracts, as by waiver of performance, or by not being expressly prohibited within one year, have any application to specialties, or any other contract which would not have been valid if made by parol. (*Blood* v. *Goodrich*, 9 Wend. 68; 6 Meeson & Welsby, 109; 13 Wend. 71.) There was no legal consideration. If the sum of fifty dollars was paid, it was paid for the forbearance, and was usurious (1 R. S. 772, §§ 1 and 2), and can not maintain such agreement, any more than if paid on account. (*Hunt* v. *Bloomer*, *supra*, cases cited; 2 Abb. Dig. 28.) This pretended agreement, so upheld below, by the principal debtor, Holcomb, discharges the mortgagor, Crandall, and the mortgage itself, and is alleged to have been made with a stranger before assignment. (*Trotter* v. *Hughes*, 2 Kernan, 74.) The evidence should have been excluded. The agreement is not made out by evidence.

III. The appellant's exceptions are well taken. (*Vilas* v. *Jones*, 1 Comst. 286–7; *La Farge* v. *Herter*, 9 N. Y. R. 241, 243; *Crain* v. *Hubbel*, 7 Paige 413; *Judd* v. *Seaver*, 8 id. 548.)

*E. W. Gardner, jr.*, for the respondents.

I. On the trial before the referee, the only point made by the plaintiff's counsel was, that the agreement to extend the time of payment, or to forbear to foreclose for five years, was within the statute of frauds, declaring contracts not to be performed within a year, void unless in writing. But, at general term, this position was substantially abandoned by the appellant's counsel, and the main points made by him were: 1. That Holberton, not yet being the owner of the mortgage, could make no valid agreement in regard to it; and, 2. The mortgage being a specialty, no agreement in regard to it could be valid unless the agreement was also a specialty.

II. And presuming that the same points will ·be made here upon the argument, I will consider them in their order.

1. The statute applies to executory and not to executed contracts; and, by reference to the case, it will be seen that Mr. Holberton agreed in substance to purchase the bond and mortgage, and forbear to foreclose it for five years, in consideration of fifty dollars—which contract was fully executed at once. Mr. Holberton did purchase the bond and mortgage, and took an assignment of them, and Holcomb paid him the fifty dollars. Nothing further remained to be done by either party; Holberton had simply to wait the five years for his money. Holcomb had paid the consideration money, and Holberton had entered upon the contract by receiving the money and purchasing the mortgage, and neither party could rescind the contract. Holcomb could not recover back the money, and Holberton could not refuse to carry out the contract, based as it was upon a good consideration, and which he had undertaken to execute. (*Talmadge* v. *R. & S. R. R. Co.*, 13 Barb, 493; 2 Leighs' N. P. 1045; *McLees* v. *Hall & Bowen*, 10 Wend. 426; *Donellin* v. *Reed*, 3 Barn. & Adol. 899.)

III. But it is claimed by the appellant that Holberton, not being the owner of the mortgage, could make no valid

agreement extending the time, prior to any assignment. There might have been some force in this position provided Holberton had never purchased the mortgage. This objection, however, has no force in this case, for Holberton did purchase the mortgage and take an assignment, and hold the mortgage at his death, and this action is by his representative; and upon his becoming the owner, the contract took effect as a valid contract, at least from the time he took the assignment.

IV. The position taken by the plaintiff, that he is a *bona fide* holder without notice, cannot be maintained, for, so far as his right to maintain this action is concerned, he takes the place of Holberton, and a person standing in that responsible position should have moral integrity enough to carry out his contracts. Holberton, when living, would sooner have lost his right arm than have attempted to avoid this contract; and, now he is dead, the court will see to it (at least if it is legal to do so), that his executor shall carry out the wishes and legal obligations of his testator, and not allow him, after a poor man has paid his money for more time to meet his obligations, to ruin him by this prosecution.

V. If I am right in this position, that this was an executed and not an executory contract, then the position of the plaintiff, that this contract should have been under seal, is answered; for, if the contract was executed, it operated at once to extend the time of payment five years from the time of taking the assignment, and the case does not come within the decisions requiring certain contracts to be under seal. And it is conceded that Holcomb is in a proper position to set up this contract, provided such an agreement was made. And it is also conceded that there is no default in the payment of the interest. It is also suggested here, that as title to this mortgage would pass by mere delivery without a written assignment, whether an agreement to extend the time of payment, if founded upon a good consideration, would not be valid and effectual for that purpose,

even if executory and not reduced to writing. In other words, is it an agreement varying the terms of the contract, so as to require it to be under seal? or is it not rather an agreement, based upon a good and valid consideration, to hold the contract in abeyance until the expiration of the time fixed upon by the new contract. (*Lattimore* v. *Harsen,* 14 Johns. 330; *Dearborn* v. *Cross,* 7 Cow. 48; *Dela croix* v. *Bulkley,* 13 Wend. 71; *Fleming* v. *Gilbert,* 3 Johns. 528; 1 Barb. S. C. R. 327; 12 Barb. 366; *Clark* v. *Dales,* 20 Barb. 42; *Stone* v. *Sprague,* 20 Barb. 509.)

VI. But it seems clear, from the reasoning of his Honor, Judge SMITH, in the opinion at general term, that in any event the judgment could be sustained upon the equitable ground that the defendant, having a cause of action, would be allowed to set it up, to prevent circuity of action. That Holberton having taken the assignment, and held it under the contract as proved, and received a consideration therefor from the defendant, and this action being by his representative, it is precisely the same as if he was seeking to foreclose the mortgage by suit, notwithstanding such agreement; and if the defendant could have no defense to the foreclosure, still his agreement with Holberton would give him a right of action for the injury received; otherwise he would be remediless; and this being the case, the plaintiff would not be permitted to foreclose the mortgage, and the court, to prevent circuity of action, will give effect to this agreement as a defense to the suit; and upon this principle also the decision of the referee can be sustained. (*Brown* v. *Williams,* 4 Wend. 360; *Clark* v. *Bush,* 3 Cowen, 151; *Jackson* v. *Root,* 18 Johns. 60.) But, in either view of the case, we submit that the decision of the referee was right, and the judgment should be affirmed.

WRIGHT, J. The mortgage sought to be foreclosed by action, was in the winter of 1858-9, held by the administrator of S. V. R. Mallory, deceased. The premises covered by it, had, after its execution, and about the 23d February,

1856, been conveyed by the mortgagor to the defendant Holcomb, who assumed the payment of the mortgage as a part of the purchase price of the premises. The mort-· gagor had paid the interest, and $266.66 of the principal sum secured by it, before the sale and transfer of the premises to Holcomb. Afterwards, Holcomb paid the interest. The whole principal became due and payable on the 1st March, 1858. Shortly before the 28th February, 1859, (the administrator of Mallory being about to foreclose the mortgage,) Holcomb entered into an agreement with the plaintiff's testator, whereby the latter agreed to purchase the mortgage of Mallory's administrator, who then held the same, and extend the time of payment five years; or give that additional time from the time he took the' assignment, to pay the balance due upon the bond and mortgage; in consideration of which, Holcomb agreed to pay him fifty dollars, which he did pay, and Holberton took the assignment of the mortgage, and continued to hold the same, and receive payments of interest thereon up to his death. The bond and mortgage were assigned to the plaintiff's testator on 28th February, 1859, and the time agreed to be given to Holcomb to make payment would not expire until the 28th February, 1864.

. This foreclosure suit was brought in June, 1862, and the question is whether the executor of Holberton is entitled to sustain it, notwithstanding the contract of his testator to purchase the mortgage, and forbear foreclosing it for five years; or, in other words, to extend the time of payment of the debt secured to be paid by it, and which was due, for five years from such purchase. If Holberton, in the face of his contract, was not entitled to maintain an action to collect the principal secured by the mortgage by a foreclosure thereof, before the five years elapsed, it is very clear his representative is not.

The ground taken at the trial was, that the contract was void by the statute of frauds, not being in writing, and being an agreement that by its terms was not to be per

formed within one year from the making thereof. (2 R. S. 135, § 2, sub. 1.) I am of the opinion that it was not affected by the statute. The statute applies to executory, and not to executed contracts; and the one in question, I think, was of the latter description. It was certainly executed by Holcomb; and it seems to me the purchase of the mortgage by the plaintiff's testator was an execution on his part. Holberton, agreed in substance, to purchase the mortgage, and forbear to foreclose it for five years, in consideration of fifty dollars. He did purchase, and take an assignment of it, and Holcomb paid him the fifty dollars. Thus, the contract was fully executed. Nothing further remained to be done by either party. Holberton had simply to wait the five years for his money. Holcomb had paid the consideration money, and Holberton had entered upon the contract by receiving the money and purchasing the mortgage, and neither party could rescind it. Neither could Holcomb recover back the money, nor Holberton refuse to carry out the contract, based as it was upon a good consideration, and which he had undertaken to execute.

The further point is now urged (although not alluded to on the trial), that the mortgage being a specialty, no agreement in regard to it could be valid unless the agreement was also a specialty. It may be conceded that ordinarily a sealed executory contract can not be rescinded or modified by a parol executory contract; but that was not this case. Here the mortgage was due. The holder was about to enforce it by action; whereupon Holberton agrees, for a valuable consideration, to purchase and refrain from collecting it for five years. This agreement is executed by the purchase; and as respected the plaintiff's testator, operated as effectually to extend the time of payment as if it had been under seal. Indeed, as title to the mortgage would pass by mere delivery without a written assignment, I cannot see why an agreement to extend the time of payment, if founded upon a good consideration, would not

be valid and effectual for that purpose, even if executory, and not reduced to writing. The agreement, in this case, was not one varying the terms of the sealed contract so as to require it to be under seal, but rather an agreement, based upon a good and valid consideration, to hold such contract in abeyance until the expiration of the time fixed upon by the new contract. It was conceded upon the trial that Holcomb was in a proper position to set up the new contract, provided such an one was made.

But, in any event, as suggested by the learned judge delivering the opinion in the supreme court, the judgment is sustainable upon the equitable ground that the defendant having a cause of action, would be allowed to set it up to prevent circuity of action. Holberton having taken the assignment, and held it under the contract as proved, and received a consideration therefor from the defendant, and this action being by his representative, it is the same as if he were seeking to foreclose the mortgage by suit, notwithstanding his agreement. If the defendant could have no defense to the foreclosure, still his agreement with Holberton would give him a right of action for the injury he received; otherwise he would be remediless. In the face of his agreement, Holberton, or his representative, ought not to be allowed to foreclose the mortgage; and on the principle of avoiding circuity of action, the law will give effect to such agreement as a defense to the foreclosure suit.

The judgment of the supreme court should be affirmed.

JOHNSON, J. The agreement between the defendant Holcomb and the plaintiff's testator, was that the former should pay to the latter fifty dollars, and that the latter in consideration thereof, should purchase the bond and mortgage in question, and extend the day of payment of the principal for the period of five years, from the time of the making of said agreement. Holcomb thereupon, paid the money, and the testator purchased and took an assignment

20

of the bond and mortgage. The mortgage debt was then wholly due, and the testator's assignor was about proceeding to foreclose the mortgage. The principal, if not the only question in the case, is whether this being by parol, was a valid agreement, and operated to extend the time of payment of the indebtedness. If it was, and such was its effect, the action was prematurely brought, and the decision of the supreme court was right, whether the proper reason for the judgment was assigned or not.

That the time of the payment of a simple contract debt may be thus extended, so that no action will lie for its recovery until the expiration of the extended time, when the agreement to extend is founded on a good consideration, is too well settled to admit of question. Under the former system of practice, such an agreement, to defeat the action, could be proved under the general issue, as it went to show that nothing was due, and there was no cause of action when the suit was commenced. (1 Chit. Pl. 512.) And so, I suppose, under the present system, the same evidence may be given under a general denial, as it goes to controvert what the plaintiff is bound to establish by his evidence, to wit: the existence of a demand due at the commencement of the action. In such a case the subsequent agreement operates upon the instrument, where the demand is evidenced by writing, and becomes part of it, so that the obligation, instead of becoming due according to its terms, is only due at the expiration of the extended time, and until that happens, no action can be maintained upon the instrument. The subsequent agreement does not operate to destroy the original agreement, but only to modify it in respect to the time of payment.

It is claimed, however, on the part of the plaintiff, that this principle has no application to instruments under seal, and that in regard to instruments of that character, it requires an agreement in writing of equal solemnity to effect a change or modification in any material particular. This seems to be the rule in such cases, before any breach

of the specialty, and where the subsequent agreement is executory merely. It was so held in *Allen* v. *Jaquish* (21 Wend. 628), and in *Eddy* v. *Graves* (23 id. 84), cited in the opinion of the court in this case at general term.

But it is, I think, equally well settled that after the breach of a·sealed agreement it may be modified in any respect, or wholly rescinded, by an executed parol agreement founded upon a sufficient consideration. (*Lattimore* v. *Harsen*, 14 Johns. 330; *Dearborn* v. *Cross*, 7 Cow. 48; *Fleming* v. *Gilbert*, 3 Johns. 528; *Keating* v. *Price*, 1 Johns. Cas. 22; *Delacroix* v. *Bulkley*, 13 Wend. 71; *Townsend* v. *Empire Stone-dressing Co.*, 6 Duer, 208.) Many other cases might be cited to the same effect, but the rule seems to be too well settled to require it.

That this was an executed and not a mere executory contract between the parties is extremely clear. The defendant's proposition was to pay $50, in consideration that the plaintiff's testator would buy the bond and mortgage·and extend the time of payment. This proposition was accepted by the testator who received the money and made the purchase. Nothing else was to be done. The agreement did not contemplate the doing of any further or other act, to effect the extension. The extension was effected completely and perfectly in law the moment the agreement was consummated by the payment of the consideration on one side and the purchase of the securities on the other. The agreement was then completely executed, and took effect upon the bond and mortgage which, in the hands of the assignee, became due and payable as against the defendant Holcomb in five years, and not before. After that it was in no conceivable sense an executory agreement. Its entire object and purpose had been completely and perfectly fulfilled. It is upon this principle only that the proof of an agreement to extend the time defeats the action brought before the expiration of the extended time. The defense in such case does not proceed upon the ground of recoupment of damages for a breach of the agreement to

extend, but upon the ground that the agreement, by its own force, operates upon the original contract, and effects the extension by way of a modification of the contract. The statute of frauds has, clearly, nothing to do with the case.

The objection that the judgment is made personal for the costs is not reviewable on this appeal. But if it were it is not well taken. The code (§ 317) provides that in an action prosecuted or defended by an executor, administrator or trustee of an express trust, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right, but such costs shall be chargeable only upon, or collected of, the fund or party represented, unless the court shall direct the same to be paid by the defendant or plaintiff personally, for mismanagement or bad faith in such action or defense.

There is no direction in the judgment that the plaintiff shall pay the costs personally; and it can only be collected from the assets in his hands. It is in law a judgment against him for costs as executor, and is properly rendered as though he was prosecuting in his own right.

The judgment should, therefore, be affirmed.

All the judges were for affirmance, except SELDEN, J., who thought the agreement void under the statute of frauds, as not to be performed within a year. Judgment affirmed.