JAMES D. FISH, AS RECEIVER, ETC., APPELLANT, v. JOSEPH HAYWARD, RESPONDENT, AND OTHERS,

*Assumption of a mortgage by a grantee — the mortgagor is released by an unauthorized extension of the time of payment — the time of payment may be extended by parol.*

Oldfield purchased from one Hayward certain real estate, subject to a mortgage given by Hayward to the Globe Life Insurance Company, which Oldfield assumed and agreed to pay. Thereafter Oldfield entered into a verbal agreement with a clerk of the said company, who acted in its behalf, by which Oldfield took a ten-year tontine policy upon his life, and in consideration thereof the company extended the time for the payment of the mortgage for that period. After six premiums had been paid upon the policy it was allowed to lapse.

*Held,* that the verbal agreement for the extension of the time of payment of the mortgage was founded upon a valuable consideration; that, as it was completed when the policy was issued and the first premium paid, it did not come within the statute of frauds.

That as it was made without the knowledge or consent of Hayward, he was released by it from all liability for any deficiency that might arise upon the sale.

APPEAL from so much of a judgment, entered upon the trial of this action by the court without a jury, as directed that the complaint herein be dismissed as to the defendant Hayward.

The action was brought in March, 1879, by the Globe Mutual Life Insurance Company, to foreclose a mortgage on certain lands in Queens county, executed by the respondent and his wife to that company, June 14, 1871, and payable July 1, 1872 — the complaint asking for a judgment for deficiency against the respondent.

The defense interposed was, that after the mortgage became due the company agreed with Henry Oldfield, who had acquired the title to the property, and had assumed the payment of the mortgage, that in consideration of his taking out a policy on his life in the company, the time of payment of the mortgage should be extended for ten years, and that the respondent never having assented to such extension, he is thereby released from all liability on the bond and mortgage.

The issue thus raised was tried before Mr. Justice PRATT, who sustained the defense and ordered judgment accordingly.

*George W. Wingate*, for the appellant.

*M. A. Kursheedt*, for the respondent.

BARNARD, P. J.:

I entertain no doubt as to accuracy of the finding of the parol agreement to extend the time of payment of the mortgage in question, made between the Globe Life Insurance Company and Oldfield. The company held a mortgage which was due, given by Hayward. Before Oldfield bought of Hayward, the officers of the company promised to let the mortgage stand, if interest and taxes were paid. After Oldfield purchased the land, the company wrote him that he was expected to pay off the mortgage. He wrote to the officer of the company and was referred to one Wright, a real estate clerk. Oldfield testifies that Wright, on behalf of the company, told him that, if he would take out a ten-year policy (tontine) on his (Oldfield's) life, the time of the payment of the mortgage should be extended for that ten years, and that, if he did not, the mortgage must be paid up at once. Oldfield agreed to this and did take out the policy for ten years and paid one year's premium in advance, $350. He subsequently made five yearly payments of a like sum and paid interest on the mortgage and taxes on the land. There is no real dispute as to the facts made by the clerk Wright in his testimony. He says he was the clerk; that the course of business of the company was to give a notice to the debtor to pay his mortgage and to demand that the debtor should take out a policy on his life, and that, in case the policy was taken out, then "the notice was to be withdrawn;" that these notices reached all who were not policyholders in the Globe company.

The scheme must have been to provide credit, so long as the policy was to run. Any other inference could not be supported. I conclude, therefore, that the verbal agreement was made. It is not within the statute of frauds. That statute does not cover the case of a completed contract. (*Dodge* v. *Crandall*, 30 N. Y., 294.)

This contract was complete as soon as the policy was taken out for ten years and one premium paid. The policy provided for its own enforcement after that, without any aid from the parol contract under which it was taken out. It was a good consideration. It is true that Oldfield was insured for the premium, but the company received a policy from which it is fair to infer that a profit was to be expected. It did in fact receive about $2,000 before the policy was suffered to lapse. Oldfield made a profitable contract with the company, and thus furnished a consideration for the promise to extend a benefit to the promisor which is always sufficient to uphold a promise.

The extension to Oldfield discharged Hayward, the surety. (*Calvo* v. *Davies*, 73 N. Y., 211.)

The judgment should therefore be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Part of the judgment dismissing complaint as to defendant Hayward, affirmed, with costs.