# 100      HUBER v. GRAUER.

## OTTO HUBER, Plaintiff, v. JOHN GEORGE GRAUER, Defendant.

*Contracts — a vendor selling after a specified period fixed thereby — delay at the request of the party interested — sealed instrument — parol extension of the time for performance before breach.*

In an action brought to recover a deficiency arising upon the sale of lands by the plaintiff, it appeared that the plaintiff took title to certain lots from the defendant in payment of a debt, the defendant agreeing that, at the expiration of a year, he would repurchase the lots at a specified price if the plaintiff in the meantime failed to dispose of the lots at that price. Before the expiration of the contract it was extended by a further agreement, in which the terms of the first contract were extended for another year, so far as they related to the reconveyance of the lots to the defendant by the plaintiff at the stipulated price; and the same privileges were given to the plaintiff that, should he de. ire to sell the lots during the year, he might do so; and should the lots fail to bring the stipulated price, then the defendant promised to make up the deficiency. After the expiration of the second year the plaintiff sold the lots and thereafter brought an action to recover the deficiency arising on such sale. The complaint alleged that the plaintiff would have sold in time, and before the expiration of the second year, but for the fact that the defendant made several applications to the plaintiff for delay, which were granted.

*Held,* that the plaintiff had two remedies under the contract; at any time during the contract period he could sell the lots and charge the defendant with the deficiency, or he could wait until the expiration of the contract period and compel specific performance, or, in the latter case and in the alternative, he might sue at law for damages, because the defendant had not performed specifically;

That, as the plaintiff had elected to pursue the first remedy, but had not sold until after the contract period had expired, it was, upon the evidence, a question for the jury to determine whether such delay resulted from the defendant's request that the plaintiff should forbear to sell;

That, if such delay resulted from the defendant's request therefor the plaintiff was entitled to recover in the present form of action;

That the time for performance under a sealed instrument might, before breach, be extended by parol.

MOTION by the plaintiff, Otto Huber, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Kings County Circuit on the 16th day of October, 1894.

*Louis Marshall,* for the plaintiff.

*M. L. Towns,* for the defendant.

CULLEN, J. :

This is an appeal from a nonsuit at Circuit, the exceptions being directed to be heard in the first instance at the General Term.

The plaintiff sold defendant an interest in an ice company and took in part payment a number of lots of land. By contemporaneous agreement the defendant agreed that at the expiration of a year he would repurchase the lots at a specified price, if the plaintiff meanwhile failed to dispose of them at that price. Shortly before the expiration of this contract it was extended by a further contract as follows : " In consideration of the sum of one dollar to each in hand paid by the undersigned to each other, the receipt whereof is hereby acknowledged, it is hereby agreed that the terms, conditions and stipulations contained in the within agreement are here extended for the space of one year from date, so far as the same relate to reconveying the lots therein referred to and located at East New York, now the twenty-sixth ward of the city of Brooklyn, to the, said John George Grauer (the party of the second part) mentioned in said agreement, by said Otto Huber (the party of the first part) mentioned in said agreement, at the stipulated price of ($850) eight hundred and fifty dollars each lot; the same privileges are given the said Otto Huber, that if he shall desire to sell the aforesaid (18) lots, or any of them, within one year from this date, and shall proceed to do so, and said lots do not bring the sum of ($850) eight hundred and fifty dollars each, that the said John George Grauer will make up and supply and pay over to the said Otto Huber all sums of money which shall constitute the deficiency ; that is to say, in case the said Otto Huber shall not receive in full the sum of $850 for each and every of said lots which he may sell within one year from date hereof, the said John George Grauer agrees to pay to said Otto Huber the difference between the sum or sums realized and the sum of $850 on each lot, together with five per cent interest on the said stipulated price of the value of said (18) eighteen lots." As this second agreement was about to mature several applications were made by the defendant for its extension. No extension for a definite period was agreed upon, but delay was given him. The defendant failed to take the lots, and on January 16, 1893, the lots were sold at auction, realizing a sum far below the stipulated price. This action is brought to recover the deficiency arising on the sale,

and the complaint alleged that the delay in the sale was due to the application by the defendant for time.

That the time for the performance of the contract though under seal could before breach be extended by parol is clear. (*Dodge* v. *Crandall*, 30 N. Y. 294; *Homer* v. *Guardiane Ins. Co.*, 67 id. 478.)

It is also clear that if the sale was postponed or delayed at the request of the defendant he could not complain that the lots were not sold within the prescribed time. (*Homer* v. *Guardiane Ins. Co., supra.*)

The dismissal of the complaint is not seen to have proceeded on a denial of either of these propositions. The trial court appears to have based its rulings on the ground that the sale had not been delayed at the application of the defendant; that such application related only to defendant's agreement to repurchase.

The contract in suit is most peculiar. The defendant was bound to repurchase the lots at the expiration of the year at the price named. The plaintiff, however, was not bound to wait any period to realize his money, for he could sell the lots at any time and the defendant would be at once liable for the deficiency. But there is no provision in the contract authorizing a sale by the plaintiff on the defendant's default in failing to purchase the lots, nor could such a sale be then had, for when defendant would be first in default the time in which the plaintiff might sell under the contract would have expired. Under the contract the plaintiff had two methods in which to realize his money. At any time during the contract period he could sell and charge defendant with the deficiency, or he could await the expiration of the contract period and compel the defendant to specifically perform his agreement to purchase by a suit in equity, or sue at law for damages for his failure to so purchase. The proofs show that the plaintiff's attorney did tender a deed and that the defendant failed to pay for the lots. Had the complaint alleged this breach the plaintiff would undoubtedly have made out his case, but the suit was brought solely on the covenant to pay the deficiency on a sale. We must, therefore, determine whether there was any evidence to show that the sale itself was deferred on the defendant's application. If there were no request by defendant for delay or an extension of the agreement till after the defendant's default there would be no estoppel against him as to

time of sale, because at such time the plaintiff's right to a sale had ceased and he could in no wise be prejudiced by the delay. But there is evidence to show that applications for extensions and forbearance were made prior to that time. The plaintiff testifies that before the expiration of the contract, and while it was within his power to make a sale, the defendant applied for an extension of the agreement for a year, which application was refused. That the defendant then said : " Well, if I can't raise the money on the day of the sale — on the day of the expiration of the contract, will you force it upon me to be ready ? " The plaintiff answered, " Well, if· it is necessary I would not stand upon a couple of weeks," to which the defendant replied that he thought he could raise the money. The plaintiff also testified to having similar conversations subsequent to this till he finally refused further delay and notified defendant of the sale of the lots at auction. The witness Obernier, the plaintiff's lawyer, seems to have labored under a misconstruction of the plaintiff's rights under the contract, and to have thought that he could sell the lots after defendant's default. The fact that he had this belief, and that he tendered a deed to defendant, may tend to disprove the claim that the sales were postponed at defendant's request. Still Obernier testifies that at the times defendant applied for extensions or delays the threat of a sale was made and defendant asked for further time. We think that this evidence required the submission to the jury of the question whether the plaintiff was induced to refrain from making a sale during the contract time by the request of the defendant, with the instruction that if they so found it would justify a verdict for the plaintiff.

The exceptions should be sustained and a new trial ordered, costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred.

Exceptions sustained and new trial ordered.