CLINTON BURNS, Respondent, v. FELIX LOPEZ, Appellant.

124

(Argued February 17, 1931; decided March 24, 1931.)

*James S. Darcy* for appellant. The Special Term erred in disregarding the denials as well as the first affirmative defense of payment in the answer and directing judgment without a trial. (*Levan* v. *American Safety Table Co.*, 222 App. Div. 110; *Delaware Trust Co.* v. *Calm*, 195 N. Y. 231; *Cowles* v. *Rochester*, 179 N. Y. 87; *Clemmons* v. *Gordon*, 37 Misc. Rep. 835; *Smathers* v. *Standard Oil Co.*, 199 App. Div. 368; 233 N. Y. 617; *Ewanski* v. *Solvay Process Co.*, 238 N. Y. Supp. 508; *Boissevain* v. *Boissevain*, 252 N. Y. 178; *Hurwitz* v. *Hurwitz*, 216 App. Div. 362; *Maxherman Co.* v. *Alper*, 210 App. Div. 389; *Moore* v. *Bonbright & Co.*, 202 App. Div. 281; *Wappler* v. *Woodbury Co.*, 246 N. Y. 152; *Curry* v. *Mackenzie*, 239 N. Y. 267.) The Special Term erred in striking out the affirmative defense and counterclaim contained in the answer and summarily granting judgment to the plaintiff. (*Levan* v. *American Safety Table Co.*, 222 App. Div. 110; *McCrea* v. *Hopper*, 35 App. Div. 572; 165 N. Y. 633; *National Bank* v. *Erion-Haines R. Co.*, 213 App. Div. 54; *Siebert* v. *Dunn*, 216

N. Y. 237; *Quaid* v. *Ratkowsky*, 183 App. Div. 428; 224 N. Y. 624; *Curry* v. *Mackenzie*, 239 N. Y. 267.) A court of equity may prevent an insolvent from profiting by his insolvency at the expense of a *bona fide* creditor. (*Scott* v. *Armstrong*, 146 U. S. 499; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Clute* v. *Warner*, 8 App. Div. 40; *DeCamp* v. *Thomson*, 159 N. Y. 444; *Dunlop* v. *James*, 174 N. Y. 411; *Pittsburg-West. Coal Co.* v. *Kerr*, 220 N. Y. 137; *Hopkins* v. *Lane*, 87 N. Y. 501; *Clark* v. *Kirby*, 243 N. Y. 295.)

*Harold L. Allen* for respondent. The so-called counter-claim and defense was properly stricken out. (*National Gum Co.* v. *MacCormack*, 124 App. Div. 269; *Acer* v. *Hotchkiss*, 97 N. Y. 395; *Susquehanna S. S. Co.* v. *Anderson*, 239 N. Y. 290; *Walker* v. *American Central Ins. Co.*, 143 N. Y. 167; *Hopkins* v. *Lane*, 87 N. Y. 501.) The defense of payment is insufficient in law. (*Buyer* v. *Doscher*, 139 App. Div. 324; *Smith* v. *Brooklyn Sav. Bank*, 101 N. Y. 58.) No equitable setoff was pleaded by defendant or available to him under the facts. (*Duncan* v. *Lyon*, 3 Johns. 351; *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Spafford* v. *Rowan*, 124 N. Y. 108; *Cummings* v. *Morris*, 25 N. Y. 625; *DeCamp* v. *Thomson*, 159 N. Y. 444; *Scott* v. *Armstrong*, 146 U. S. 499; *Silberstein* v. *Begun*, 232 N. Y. 319; *Sawyer* v. *Hoag*, 17 Wall. 610; *Middleton* v. *Pollock*, L. R. [20 Eq.] 29; *Weston* v. *Barker*, 12 Johns. 276; *Matter of Schultz*, 132 Fed. Rep. 573.) The action was not prematurely brought. (*Lowe* v. *Harwood*, 131 Mass. 113; *Canada* v. *Wick*, 100 N. Y. 127; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471; *Swift* v. *Davis*, 118 Misc. Rep. 205.)

LEHMAN, J. The action was commenced by service of a summons and complaint upon the defendant on November 25, 1929. The complaint alleges that on or about March 29th, 1929, the defendant borrowed from the plaintiff the sum of $10,000, which he promised to repay

upon demand, and that " thereafter and before this action, and on or about the 22nd day of November, 1929, the plaintiff duly demanded payment of the sum from the defendant, but no part of the said sum has been paid." The answer denies the allegations of the complaint, except that it admits that the defendant borrowed from the plaintiff the sum of $10,000, but " on the express agreement on the part of the plaintiff that the said sum was not to be demanded by the plaintiff nor to be repaid by the defendant until after January 1st, 1930." The answer also alleges as a " further defense and counterclaim " that the defendant is a partner having a three per cent. interest in profits and losses of the firm of Jenks, Gwynne & Co. which acted as brokers for the plaintiff in the purchase and sale on margin of securities on the New York Stock Exchange; that the plaintiff is insolvent and is indebted to the said firm in the sum of $428,000. " That the defendant with the consent of his partners in said firm duly paid to the plaintiff the said sum of $10,000 and interest from March 29th, 1929, by withdrawing from his capital in said firm the said sum of $10,000 and causing said firm of Jenks, Gwynne & Co. to credit to the plaintiffs said indebtedness to said firm the sum of $10,000 and interest thereon from March 29th, 1929."

The plaintiff has challenged the sufficiency of the answer by motion to strike out the defense and counterclaim pursuant to the provisions of rule 109 of the Rules of Civil Practice and by motion for judgment on the pleadings pursuant to rule 112. Assuming, as we must, that the allegations of the answer are true, it appears that on November 25th a loan of $10,000, made by the plaintiff to the defendant, was unpaid, but that payment was not due and might not be demanded until more than a month thereafter. On the other hand, the plaintiff at the time the action was brought was presently indebted in a much greater sum to a firm of which the defendant was a member. The defendant's share of the indebtedness due to

his firm is greater than the amount borrowed by him from the plaintiff. The plaintiff is insolvent and cannot pay his indebtedness to the firm. He seeks a judgment against the defendant, regardless of his own indebtedness to the firm of which the defendant is a member. The defendant seeks to apply the amount he owes to the plaintiff upon the plaintiff's indebtedness to the firm. In framing the answer, the pleader may have been uncertain as to the theory upon which the plaintiff's claim may be defeated. The question we must decide is whether upon any theory the allegations of the answer are sufficient.

Undoubtedly the answer is sufficient, at least to raise an issue as to whether the action is premature. True, at the time the motion for judgment was made, the loan was due, or if payable on demand, a demand might have been made. For that reason the contention that the action was prematurely brought has been brushed aside, except that the judgment provides that " interest on the said sum of $10,000 shall be computed only from January 1st, 1930." The plaintiff cannot bring an action to recover money loaned until the loan is due. If for purposes of his own he brings an action prematurely he is not entitled in that action to judgment when the debt does thereafter fall due. (*Delaware Trust Co.* v. *Calm*, 195 N. Y. 231.) That is admitted on this appeal even by the plaintiff, but he seeks to sustain the judgment on the theory that the affirmative allegations in the answer show that the defendant committed an anticipatory breach by attempting to apply the amount of the loan upon the indebtedness due to the firm.

The complaint is not based upon any anticipatory breach. The allegations, upon which the claim of the anticipatory breach is based, are contained in the separate defense or counterclaim which has been stricken out. They cannot create a cause of action which is not alleged nor qualify the denials of the allegations of the complaint. For that reason it would serve no purpose to analyse

them or to point out their insufficiency, even if they had been pleaded in the complaint. The motion for judgment on the pleadings, under rule 112, should, therefore, have been denied.

The question whether the defense or counterclaim should have been stricken out presents a more difficult question. Undoubtedly the defendant could not pay his indebtedness to the plaintiff by voluntary application of the amount of his indebtedness upon an indebtedness due from the plaintiff to a firm of which the defendant was a member. Therefore, the facts alleged are insufficient to constitute the defense of payment. If the defense or counterclaim is sufficient for any purpose it must be as an equitable set-off.

It has frequently been held that a defendant may not at law set off a claim, even though liquidated, which is owing by the plaintiff to a copartnership of which the defendant is a member. " Equity, following the law, usually requires that the debts which are to be set off against each other shall be due from and to the parties in the same right. It does not allow a set-off of debts accruing in different rights,— as of a joint debt against a separate debt." (Halsbury, Laws of England, vol. 13, p. 163.) " There is no doubt that courts of equity did eventually extend the doctrine of set-off, and claims in the nature of set-off, beyond the law, but they only did so where peculiar equities intervened between the parties. The cases in which a set-off was allowed on special grounds are so very various as to admit of no comprehensive enumeration." (3 Story, Equity Jurisprudence [3d Eng. ed.], § 1437a.) The question in this case is whether " peculiar equities intervened " which require relaxation of the rule.

" In equity the right to a set off does not depend upon the statute, but upon the equities existing in each particular case, and the fact of the insolvency of one of the parties, so that no satisfaction can be obtained by a direct proceeding against the defendant for recovery of the debt,

frequently gives rise to the right of set off aside from any other fact." (*Rothschild* v. *Mack*, 115 N. Y. 1.) There, it is true, the obstacle at law was that the indebtedness which was set off was not presently due, and there were facts aside from insolvency which created peculiar equities which could not be disregarded. The rule there stated nevertheless covers the question presented in this case.

Here if the allegations of the answer be true, the insolvency of the plaintiff will prevent the defendant and his partners from enforcing payment of the amount owing to them jointly by the plaintiff. The defendant's share of what is owing to the partners is larger than the amount he owes to the plaintiff. At least where the partners consent to the application of the indebtedness from defendant to the plaintiff upon the indebtedness due to them by the plaintiff, " equity should permit the set off of a portion of the joint debt against the individual debt. (See *Chamberlain* v. *Stewart*, 6 Dana [Ky.], 32; *Brewer* v. *Norcross*, 17 N. J. Eq. 219; *Collins* v. *Campbell*, 97 Me. 23; *Spofford* v. *Rowan*, 124 N. Y. 108.) Where the partners consent to such application analogy to an equitable assignment by the firm to the defendant of part of the firm claim against the plaintiff is close if not, indeed, complete. (See *Edelman* v. *Scholl*, 65 Penn. Sup. Ct. 357.)

We have not in this opinion sought to determine whether. the enactment of section 271 of the Civil Practice Act may have broadened the scope of a set-off which may be pleaded. No such question has been argued or considered. Nor have we considered whether the other members of the firm should be made parties to this action. Until an objection is made, no such question is before the court.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion denied, with, costs in all courts.

CARDOZO, Ch. J., CRANE, KELLOGG and O'BRIEN, JJ., concur; POUND and HUBBS, JJ., not sitting.

Judgments reversed, etc.