# FOURTH DEPARTMENT, MAY, 1931.

WESTINGHOUSE ELECTRIC SUPPLY CO., INC., Appellant, v. SYRACUSE AUTO SUPPLY CORPORATION, Respondent.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the motion and of this appeal, on the ground that the oral agreement relied on by the answer is unenforcible under the Statute of Frauds, being an executory agreement not to be performed within one year. We are required to pass upon this question as of the date of the beginning of the action, although the matter would not be material in a new action, as the date of ultimate extension, January 1, 1931, has already passed. (*Burns* v. *Lopez*, 256 N. Y. 123; *Delaware Trust Co.* v. *Calm*, 195 id. 231.) All concur, except Crouch and Thompson, JJ., who dissent and vote for affirmance in a memorandum. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

CROUCH, J. (dissenting). My Brother Thompson and I interpret the language of the answer as alleging that the defendant, finding itself in need of a further extension of time to meet its indebtedness to the Syracuse Trust Company, to plaintiff, to Freed-Eisman Radio Corporation and to Beckwith, went first to the trust company and agreed with it that defendant's indebtedness to it and to each of said creditors should continue to be evidenced by notes or acceptances to be renewed every three months, interest on the indebtedness to be paid on each renewal, and that the time of payment of said indebtedness was and should be extended at least until January 1, 1931; and that as consideration therefor defend-

ant should prepare and issue $50,000 in interest-bearing notes under a trust agreement with said Syracuse Trust Company, to be disposed of and the proceeds thereof paid in to the trustee in the manner provided; that thereafter and on or about July 15, 1929, plaintiff and the other creditors at a meeting with defendant in New York entered into the same agreement; that thereupon and on or about July 30, 1929, the trust agreement with the Syracuse Trust Company was duly executed and that defendant has fully complied with all the terms and conditions of the agreement of July 15, 1929, and of the trust agreement. In our opinion the contract of July 15, 1929, was completely executed by the execution and delivery of the trust agreement. The provision for the renewal every three months of the notes or acceptances which evidenced the indebtedness seems to us to have been merely incidental to the payment of interest on the indebtedness, the time of payment of which was by the agreement extended to January 1, 1931. We are unable to distinguish this case from *Dodge* v. *Crandall* (30 N. Y. 294). Cases like *Williamsburg City Fire Ins. Co.* v. *Lichtenstein* (181 App. Div. 681) are distinguishable. There the agreement as originally pleaded and as subsequently proved was that A would assume the payment to be made to B, if B would, *upon such payment*, extend the time of payment of the balance, etc. That was not an extension agreement. It was an agreement to make an extension agreement four years hence, and so within the statute. We think the order should be affirmed, with ten dollars costs and disbursements. Thompson, J., concurs.