James S. Brown, J.
In an action for an injunction plaintiff moves for judgment on the pleadings and the defendant cerne *848 tery cross-moves for an order requiring plaintiff to bring in certain persons as necessary parties and granting the cemetery leave to amend its answer so as to set up as additional affirmative defenses the Statute of Limitations and adverse possession.
The cemetery fronts on the westerly side of Ocean Parkway, in the Borough of Brooklyn. The complaint alleges that pursuant to chapter 861 of the Laws of 1869, as amended by chapter 726 of the Laws of 1872, the Legislature of the State of New York provided that the Park Commissioners lay out and improve Ocean Parkway so that it shall be 210 feet wide and that 30 feet from the outside lines thereof shall be used as courtyards only, the same to be planted with trees and shrubbery or otherwise ornamented at the discretion of the owners thereof but that such use or ornamentation was to be under the direction of the Park Commissioners; and that pursuant to the mandate of the Legislature the Park Commissioners served notices upon the various owners of property required to be taken for the widening of the street and hearings were conducted for the purpose of making benefit payments therefor; and that proceedings were instituted in the Supreme Court for the laying out, opening and improvement of said street and that on August 11, 1872, the Park Commissioners filed a report in said court which contained therein the following: ‘ ‘ That the burial lots have been valued specially as cemetery lots and damages allowed for the courtyard easement.” The complaint further alleges that the defendant cemetery was allowed and paid the sum of $765 for the 30-feet courtyard easement, running the length of the Ocean Parkway boundary of the cemetery; that the Department of Parks is charged with the duty of maintaining the use and ornamentation of said area; that the cemetery entered upon said area and has sold burial rights thereto and has permitted interment of bodies and erection of tombstones and mausoleums therein; that notice was served upon the cemetery on December 12, 1954, to cease and desist from using the said courtyard area but it has continued to use the same in violation of law. As relief, plaintiff requests that all bodies interred in the area be disinterred; that no other burials be permitted in the area and that all buildings, mausoleums and tombstones be removed. On the motion the request for disinterment was temporarily withdrawn without prejudice to a subsequent application for such relief.
The cemetery, among other denials and defenses, denies that it sold portions of the courtyard to various persons for burial purposes and further denies that it permitted interments and the erection of tombstones and mausoleums without the con *849 sent of the plaintiff and in violation of the rules and regulations of the Park Department.
On plaintiff’s motion for judgment on the pleadings the answer will be taken as true (Burns v. Lopez, 256 N. Y. 123). The denials above set forth raise issues of fact sufficient to preclude the granting of judgment (Rezak v. Kings Trading & Co., 154 N. Y. S. 2d 298; Burns v. Lopez, 256 N. Y. 123). Accordingly, plaintiff’s motion is denied.
The part of the cross motion for leave to amend the answer is granted. The court will not examine into and determine the merits or legal sufficiency of the proposed amendments when it does not appear that they are palpably deficient (Coron v. Lincks, 259 App. Div. 924; Lazarus v. Rice, 268 App Div. 985; Anderson v. New York Cent. R.R. Co., 284 App. Div. 64; Whitestone Realty Corp. v. Malba Properties, 4 A D 2d 688).
The branch of the cross motion to require the plaintiff to bring into the action as parties defendant the owners of the burial plots in the area affected is also granted. Although there is some question with respect to who was the owner of the fee of the area in question at the time that the plaintiff acquired its alleged rights, the plot owners, whether they purchased from the cemetery or from another owner of the fee, nevertheless became possessed of a property right which the law protects from invasion Oatka Cemetery Assn. v. Cazeau, 242 App. Div. 415; Sockel v. Degel Yehudo Cemetery Corp., 268 App. Div. 207). No effective determination of the controversy herein can be made without the presence of these plot owners since any determination would directly affect their rights and interests. The relief sought by plaintiff is evidence thereof. In effect, it would preclude further burials and cause the removal of any existing monuments or mausoleums. Although the relief sought is not directed against the plot owners but against the cemetery only, such relief would directly injure the former by destroying their rights to interment and against disinterment, in violation of Hebraic law. It is urged, however, by the plaintiff that these rights did not accrue to the plot owner by virtue of the city’s alleged easement. Whether or not that is true cannot be determined without the presence of the plot owners.
Under these circumstances, the plot owners are indispensable parties to the action under section 193 of the Civil Practice Act.
Settle order on notice.