William J. Crangle, J.
The plaintiff moves to strike the answer and for summary judgment. The complaint pleads a cause of action for a balance of $11,652.80 unpaid upon sales of nonfat dry milk powder by the plaintiff to the defendant between October 16 and November 18, 1964. None of these allegations are denied by the defendant.
The defendant has pleaded, as an equitable defense, that the plaintiff is insolvent; that under certain administrative decisions, which are prima facie correct, it has been determined that the defendant owes Commodity Credit Corporation, which is an agency of the Federal Government and a part of the Department of Agriculture, $47,687.66 based upon findings that certain other shipments of milk powder made by the plaintiff two years previously upon orders from the defendant were insect-infested; that the plaintiff is indebted to the defendant for the loss thereby sustained by the defendant; that the defendant has appealed from the administrative decision and that it is possible that the debt may be reduced or even entirely eliminated but that this will not be known until the appeal has been heard and decided; that because of the insolvency of the plaintiff the defendant will not be able to collect the money ultimately found to be owing to it by the plaintiff.
*300 The defendant further pleads that under the circumstances it would be unjust and inequitable to require the defendant to pay the balance sued for prior to the determination of the amount of the plaintiff’s debt to the defendant because the defendant would then lose its right to offset the plaintiff’s debt to the defendant against the defendant’s debt to the plaintiff; that the action is therefore premature; and that the defendant has acted equitably by offering to pay the plaintiff’s claim provided the defendant receives assurances, adequately secured, that its rights to offset will not be lost, and that the plaintiff has rejected such .offer.
The answer does not plead a legal defense to the plaintiff’s complaint. It in effect admits that the debt alleged therein is due and payable. It does not plead a counterclaim or a setoff. The defendant takes the position that although the debt sued upon is due and payable the legal action to enforce payment is premature and must await a determination of the appeal to an administrative board in an entirely unrelated transaction.
The plaintiff’s solvency is in dispute. However, this would seem to be irrelevant. The parties freely chose with whom they would transact business. In addition defendant knowing the circumstances elected to pursue its appeal rather than submit its claim against plaintiff as a counterclaim herein. It would be inequitable to deny plaintiff its plain right to immediate access to the courts to obtain a judgment for the debt sued upon. Motion for summary judgment is granted.