■ CHAMPLAIN MILK PRODUCTS, INC., Respondent, v. M. E. FRANKS, INC., Appellant.— *Per Curiam.* Appeal by defendant from an order granting summary judgment and from the judgment entered thereon in an action to recover $11,652 as the balance unpaid on an open account for nonfat dry milk sold by plaintiff to defendant, the latter's answer conceding the amount due and unpaid but alleging as a complete defense and equitable set off defendant's sales of dry milk purchased from plaintiff to the Commodity Credit Corporation, an agency of the United States; a determination by the appropriate Contracting Officer that defendant is liable to Commodity Credit Corporation for damages of $47,687 by reason of its resale to the corporation of insect-infested milk purchased from plaintiff; and the pendency of an appeal to the Contract Disputes Board from that administrative determination, which under the rules of the board remains prima facie correct pending the determination of the appeal. In the defense pleaded, defendant further alleges, upon information and belief, that plaintiff is insolvent; that defendant has offered to pay to plaintiff the amount of the latter's claim upon receiving assurance that to the extent of said claim defendant will be reimbursed any amount for which it may finally be found liable to Commodity Credit Corporation; and finally that by reason of the premises it " would be unjust and inequitable, under the circumstances, to require the defendant to pay the claim of the plaintiff prior to the determination of the liability of the plaintiff to the defendant arising from the matters alleged above ". The allegation of plaintiff's insolvency pleaded in the defense has not been factually controverted for the purposes of the motion and survives as a triable issue, inasmuch as, under long-settled principles, the movant plaintiff did not sustain the burden imposed upon it of showing " that there is no defense to the cause of action or that the * * * defense has no merit " (CPLR 3212, subd. [b]) by the purely conclusory statement in a supplemental affidavit by plaintiff's president that, " It is respectfully submitted to this Court that by all legal and accounting tests, Champlain Milk Products, Inc., never has been and is not now insolvent." Appellant's brief asserts, without contradiction, that subsequent to the submission of the motion, respondent assigned to its attorney of record all of its claims against appellant; but the attorney's associate arguing the appeal, when asked on the oral argument the reason for the assignment of the claim, said that he did not know, and this although the point was made in appellant's brief, against which he wrote and argued. Insol-

vency has been authoritatively held to be one of the "peculiar equities" warranting the intervention of the equitable set-off doctrine in appropriate cases, and in *Burns* v. *Lopez* (256 N. Y. 123, 128–129) Judge LEHMAN wrote that the fact of such insolvency "'frequently gives rise to the right of set off aside from any other fact'"; quoting and citing *Rothschild* v. *Mack* (115 N. Y. 1). Recognizing the rule of *Rothschild* and *Burns,* respondent would mistakenly distinguish them from its case on the ground that in each of those cases the fact of insolvency was established; respondent thus overlooking the present posture of its own case, in which the issue of insolvency has not been extinguished and remains to be tried. Contending that, in any event, equitable set off may not be interposed in support of unmatured claims, respondent mistakenly asserts that appellant's claim has not matured; but it did, in fact, mature pursuant to section 2–725 of the Uniform Commercial Code, upon tender of delivery of the goods. Judgment and order reversed, on the law and the facts, and motion for summary judgment denied, with costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Aulisi, J., not voting. [49 Misc 2d 299.]