### PETERS v. NEEDHAM PIANO & ORGAN CO.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

1. PLEADING—DEMURRER—JUDGMENT ON DEMURRER—MODIFICATION.

An interlocutory judgment overruling a demurrer to certain defenses provided that, "in case said plaintiff fails to pay the said costs as aforesaid within 20 days after service of this interlocutory judgment upon his attorneys, then defendant may enter final judgment against plaintiff dismissing the complaint, with costs." *Held*, that the judgment should be modified by allowing plaintiff to withdraw the demurrer and pay the costs, and on failure to do so that final judgment dismissing the complaint, with costs, may be entered.

2. SAME—EFFECT OF DECISION.

If a demurrer is overruled to defenses and not withdrawn, defendant is entitled as a matter of right to final judgment in its favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 558.]

3. SAME—WITHDRAWAL OF DEMURRER—DISCRETION OF COURT.
 A demurrer cannot be withdrawn without leave of court, and whether leave should be granted is within the discretionary power of the court.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1033, 1041, 1042.]

Appeal from Special Term.

Action by Christian F. Peters against the Needham Piano & Organ Company. From an interlocutory judgment overruling a demurrer to separate defenses, plaintiff appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Fromme Bros. (Arnold Gross, of counsel), for appellant.
Henry A. Heiser, for respondent.

PER CURIAM. Appeal from an interlocutory judgment overruling a demurrer to the second and third separate defenses of the answer. The complaint contains certain allegations appropriate in an action to recover damages for malicious prosecution. The learned court at Special Term, examining the complaint in an endeavor to ascertain what cause of action was intended to be set up, concluded that it did not allege facts sufficient to state such cause of action. With this we agree. The complaint contains certain allegations appropriate in an action to recover damages for the wrongful taking and detention of a chattel. Again we agree with the Special Term that sufficient facts to sustain such cause of action were not alleged. The appellant claims in this court that in his complaint he did not intend to set forth either a cause of action for malicious prosecution or for the wrongful taking and detention of a chattel, but has set up an action in conversion. If such was the intention, it certainly was not obvious; for the pleader has carefully refrained from using the technical and usual averments in such a complaint. The defenses demurred to are sufficient in law, and the demurrer was properly overruled. But the interlocutory judgment provided that:

"In case said plaintiff fails to pay the said costs as aforesaid within 20 days after service of this interlocutory judgment upon his attorneys, then defendant may enter final judgment against plaintiff dismissing the complaint, with costs."

Leave should have been given to the plaintiff to withdraw his demurrer; for the court having determined that the defenses were sufficient in law, the facts set up in the defenses stood admitted, and until said demurrer was withdrawn the defendant was entitled as matter of right to a final judgment in its favor. National Contracting Co. v. Hudson River W. P. Co., 110 App. Div. 133, 97 N. Y. Supp. 92. It has always been the rule that a demurrer cannot be withdrawn without leave of the court,. and that .whether such leave should be granted is within the discretionary power of the court. Fisher v. Gould, 81 N. Y. 228; Simson v. Satterlee, 64 N. Y. 657.· As the Special Term gave leave to pay the costs within a time fixed, and provided for a dismissal of the complaint only upon failure to so pay the costs, it is evident that it only intended to dispose of the question of law raised and to allow

a trial upon the facts. This could only be accomplished by the withdrawal of the demurrer.

The judgment appealed from should therefore be modified, by providing that leave be given to appellant to withdraw the demurrer and pay the interlocutory costs within 20 days, and on failure so to do that final judgment dismissing the complaint, with costs, may be entered, and, as so modified, affirmed, with costs to respondent.