Lawrence H. Cooke, J.
In this action instituted by residents of New York State' against residents of California to recover for personal injuries and property damage allegedly sustained in an automobile accident in New Mexico, defendant J. D. McNeill, Jr., being the owner and .defendant Angela G. McNeill *528 being the operator of one of the vehicles involved, plaintiffs move to dismiss five affirmative defenses set forth in the answer on the ground that a defense is not stated. Assuming, as we must, the truth of the allegations in said defenses (Burns v. Lopez, 256 N. Y. 123, 126; Hull v. Hull, 225 N. Y. 342, 355; Berkley v. Berkley, 142 N. Y. S. 2d 273, 278; Flynn v. New York World-Telegram, Corp., 150 Misc. 241, 244; 4 Weinstein-KornMiller, N. Y. Civ. Prac., pars. 3211.46, 3211.46a), it appears, for the purposes of this motion and apparently without dispute, that defendants were served with a copy of the summons and complaint in California subsequent to the execution of an order of attachment and a levy upon the interests which defendants had in the policy of automobile liability insurance issued by Allstate Insurance Company, an insurer licensed to do business in New York State (cf. Associated Gen. Contrs. v. Lapardo Bros. Excavating Contrs., 43 Misc 2d 825, 826), to J. D. McNeill, Jr.
In brief, the first defense alleges that defendants were at all times mentioned in the complaint and still are residents of California, that the collision occurred in New Mexico, that defendants were served in California and, therefore, that the court lacks jurisdiction of the defendants. To these, the second adds that service on defendants was made subsequent to a purported levy on property purportedly of defendants within New York pursuant to an order of attachment, that the levy was made upon the interests of defendants in the aforesaid policy of insurance issued and paid for in California, that the interest of defendants in said policy is not a debt or property subject to levy in New York, that the purported attachment and levy are void and, therefore, the court lacks jurisdiction of the defendants. These precise points were answered recently in Seider v. Roth (17 N Y 2d 111) where the Court of Appeals held that, in a personal injury action against a nonresident defendant, a defendant’s liability insurer’s contractual obligation to defend and indemnify defendant is a “ debt ” owing to defendant and as such subject to attachment under CPLB. 6202, the insurer being regarded as a resident of this State (pp. 112, 114). Incidentally, the answer admits the allegation of the complaint that Angela G-. McNeill was operating her husband’s vehicle with his express permission and consent (cf. Professor ¡Siegel, Supplementary Practice Commentary — 1965, McKinney’s Cons. Laws of N. Y., Book 7B, 1965 Cum. Pocket Part, following CPLB 3211, pp. 88-89) and under such circumstances the wife would be protected by the California policy (CPLB 4511, subd. [a]; 7 Appelman, Insurance Law and Practice, pp. 225, 231).
*529 The third defense is that any exercise or extension of jurisdiction of this court over defendants based on said attachment and levy is in contravention of defendants’ rights under section 1, Amendment XIV of the United States Constitution. Said section provides that no “ State [shall] deprive any person of life, liberty, or property, without due process of law”. The fifth defense is based on Amendment V of said Constitution which also contains a due process provision. At the outset, it is important to keep in mind that personal service without the State in actions in rem or quasi in rem is authorized by CPLR 314 in any manner in which service could be made within the State, but that such service does not give the court personal jurisdiction over the defendant unless he is one of the persons specified in CPLR 313 (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 314.01). An action quasi in rem, the most common kind of in rem action, is one to determine rights in a particular res, tangible or intangible, within the court’s jurisdiction, in which many of the parties interested are known and whose rights in such res are to be determined (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 314.17; cf. Van Ingen & Co. v. Burlington County Bridge Comm., 83 F. Supp. 778, 785). If the defendant does not make an appearance, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in the suit (Cooper v. Reynolds, 77 U. S. 308, 318; Benadon v. Antonio, 10 A D 2d 40, 44). It is obvious that these two defenses do not state a defense and have no merit, in that they do not show a deprivation of due process, since: (1) this court has jurisdiction of the subject matter, the Supreme Court being a court of general original jurisdiction in law and equity presumed to have jurisdiction unless the contrary plainly appears (N. Y. Const., art. VI, § 7; Judiciary Law, § 140-b; Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414-415; Matter of Steinway, 159 N. Y. 250, 257; Kaminsky v. Kahn, 23 A D 2d 231, 236); (2) there is a basis of jurisdiction, it having been long recognized that, if any property belonging to a defendant is within the State, such property may be levied upon pursuant to an order of attachment, and the property so levied upon is then deemed a res within the State permitting the court to adjudicate whether the debt claimed by plaintiff should be satisfied out of that attached property (CPLR 301; Civ. Prac. Act, § 232; Ownbey v. Morgan, 256 U. S. 94,110-111; Pennoyer v. Neff, 95 U. S. 714; David-Zieseniss v. Zieseniss, 205 Misc. 836, 846, 849; Wachtel, New York Practice Under the CPLR, pp. 15-16; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 301.10); and (3), insofar as there has been personal service with the *530 right to defendant to appear in 30 days (CPLR 320, subd. [a]), under the circumstances a reasonable method has been used to notify defendant of the proceedings and he has been given a reasonable opportunity to be heard (Schroeder v. City of New York, 371 U. S. 208, 211-212; Milliken v. Meyer, 311 U. S. 457, 462-463; McDonald v. Mabee, 243 U. S. 90; Ellsworth v. Ellsworth, 189 Misc. 776). In a Federal diversity of citizenship situation, it was held that the potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself, this being a fair rule of law as between a resident injured party and a nonresident motorist, the requirements of due process being therefore met (Olberding v. Illinois Cent. R. R. Co., 346 U. S. 338, 341; cf. Hess v. Pawloski, 274 U. S. 352, 356).
The fourth defense repeats the allegations as to defendants’ residence, the State in which the accident occurred, the place of service of process and the order of attachment and levy and asserts, in substance, that the exercise of jurisdiction over defendants pursuant to the attachment and levy imposes an unreasonable and illegal restraint and burden on commerce among the States in contravention of that part of section 8 of article I of the United States Constitution, which reads “ The Congress shall have Power * * * To regulate Commerce * * * among the several States ”. The doctrine of undue burden on interstate commerce as a limitation on State court jurisdiction cannot be overlooked (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.15). The fact that a nonresident or foreign corporation is engaged in interstate commerce does not, of itself, preclude the attachment of its property, providing such commerce is not unduly interfered with and whether there is such interference depends on the fact situation in each such case (Intentional Milling Co. v. Columbia Co., 292 U. S. 511, 517-520; St. Louis, B. & M. Ry. v. Taylor, 266 U. S. 200, 207; Atchison Ry. Co. v. Wells, 265 U. S. 101, 103; 6 Am. Jur., 2d, Attachment and Garnishment, § 220). As a result of the decision in United States v. Underwriters Assn. (322 U. S, 533) and the passage of the McCarran Act, while the business of insurance may now be interstate commerce, nevertheless, the States, by express congressional consent, may continue to tax and regulate it, free from any negative prohibitions implicit in the commerce clause (Matter of Guardian Life Ins. Co. v. Chapman, 302 N. Y. 226, 240) and, in this case, the insurer is regarded as *531 a resident of this State (Seider v. Roth, 17 N Y 2d 111, 114, supra; Matter of Riggle, 11 N Y 2d 73, 76-77).
Although the court may not be able to determine the issue here under CPLR 3211 (subd. [e)], because of lack of information as to whether or not there is an undue burden on interstate commerce, it must be decided whether the defense in question is to be dismissed on the ground that a defense is not stated or has no merit (CPLR 3211, subd. [b]). The fundamental pleading requirement is in CPLR 3013 which provides: “ Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.” We are also admonished by CPLR 3026: “Defects shall be ignored if a substantial right of a party is not prejudiced.” Generally speaking, pleadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to apprise the court and parties of the subject matter of the controversy (Foley v. D’Agostino, 21 A D 2d 60, 63), and a preponderance of conclusional allegations is no longer necessarily fatal (Holzer v. Feinstein, 23 A D 2d 771, 772; Steinberg v. Guild, 22 A D 2d 775, 776, affd. 16 N Y 2d 791). Tested in the light of these principles and realizing that the defense as alleged apprises the court and parties of the subject matter of this aspect of the controversy and that plaintiffs are not prejudiced, this defense should not be dismissed at this time (cf. Professor Siegel, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, 1965 Cum. Pocket Part, following CPLR 3013, pp. 52 et seq.). There should be a trial of the issue raised, by this defense within 30 days after a proper bill of particulars is served by defendants and the examination before trial of defendants upon written questions is completed.