**ARVIN INDUSTRIES, INC.**

v.

**HAMPDEN SPECIALTY PRODUCTS CORPORATION.**

**Civ. A. No. 6443.**

United States District Court
E. D. Tennessee, N. D.

Nov. 25, 1968.

Don C. Stansberry, Jr., Baker, Worthington, Barnett & Crossley, Knoxville, Tenn., for plaintiff.

M. W. Egerton, Jr., Egerton, McAfee, Armistead & Davis, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. TAYLOR, Chief Judge.

Before the Court for consideration is plaintiff's motion to remand the case to the Circuit Court of Scott County.

Plaintiff bases its motion upon two general theories: First, that the Federal Court did not have original jurisdiction of a case that was commenced by attachment and could not thereafter acquire jurisdiction. Second, that the Federal Court should not intervene where the res is in possession of state court officers.

Plaintiff in its brief states in one place that this Court would not have original jurisdiction but in another place that it would have original jurisdiction on account of subparagraph (e) of Rule 4 of the Federal Rules of Civil Procedure.

It is reasonably clear that under subparagraph (e) of Rule 4, which is the 1963 amendment to the Rule, this Court would have had jurisdiction to entertain this suit and to issue an attachment writ if grounds therefor appeared. Great American Insurance Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997 (C.A.3, 1965); Wilcox v. Richmond, F. & P. Railroad Co., 270 F.Supp. 454 (S.D. N.Y.,1957), 2 Moore's Federal Practice, § 4.32[2], pp. 1236–1237.

If the state court had appointed a receiver and the receiver had taken possession of the res, plaintiff's argument would have more substance. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.

All of the cases that have been cited and those found by an independent investigation hold that an attachment proceeding in the state court may be removed to the Federal Court. Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 51 L. Ed. 138; Tanko v. Saperstein, 149 F. Supp. 317 (N.D.Ill.,1957); see 28 U.S. C. § 1441.

The Court has not been able to discover any practical reason why a case of this character should be removed to a federal court. Defendant gives as reason that the Scott County Circuit Court "is far behind and it would take several years before this case could come to trial in that court." This Court's independent investigation of the condition of the docket of the Scott County Circuit Court does not support defendant's position.

The second reason given is the inadequate discovery proceedings of Tennessee. This is the usual reason given in a case of this character, but lacks force in the light of Tennessee's discovery statute.

The third reason given is that the matters involved an interstate transaction. Practically all present day transactions involve interstate character.

Finally, defendant says that it has a statutory right to remove. This contention has substance and must be sustained.

It is, accordingly, ordered that plaintiff's motion to remand be, and same hereby is denied.